IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOTEL VALENCIA BRANDS, L.L.C. and HOTEL VALENCIA CORPORATION, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO._____ |
| V. | § § | |
| PROSPECT HOSPITALITY LP and PACIFICA HOSTS, INC., | § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

## COMPLAINT

**Hotel Valencia Brands, L.L.C.** and **Hotel Valencia Corporation**, appearing through their undersigned counsel, allege as follows:

## PARTIES

1.  Plaintiff **Hotel Valencia Brands, L.L.C.** ("Hotel Valencia Brands"), is a Texas limited liability company with its principal place of business at Five Post Oak Park, 4400 Post Oak Parkway, Suite 1640, Houston, TX.

2.  Plaintiff **Hotel Valencia Corporation** ("Hotel Valencia Corp") is a Texas corporation with its principal place of business at Five Post Oak Park, 4400 Post Oak Parkway, Suite 1640, Houston, TX.

3.  Hotel Valencia Brands and Hotel Valencia Corp are collectively called "Valencia Group."

4.  Defendant **Pacifica Hosts, Inc.** d/b/a Pacifica Host Hotels ("Pacifica Hosts"), is a California limited liability company with its principal place of business at 1775 Hancock Street, Suite 200, San Diego, CA  92110.  Defendant Pacifica Hosts may be served with process by

serving the Secretary of State of the State of Texas. Tex. Civ. Prac. & Rem. Code § 17.044. Defendant Pacifica Hosts engages in Business in this State, but has not designated a registered agent for service of process as required by the Texas Long Arm Statute.

5.  Defendant **Prospect Hospitality LP** ("Prospect Hospitality"), is a California limited partnership with a business address of 1775 Prospect Street, Suite 200, San Diego, CA 92110. Defendant Prospect Hospitality may be served with process by serving the Secretary of State of the State of Texas. Tex. Civ. Prac. & Rem. Code § 17.044. Defendant Prospect Hospitality engages in Business in this State, but has not designated a registered agent for service of process as required by the Texas Long Arm Statute.

6.  Prospect Hospitality is part of the hotel ownership division of Pacifica Host. Pacifica Hosts and Prospect Hospitality are collectively called "Pacifica Companies."

## NATURE OF ACTION

7.  This is an action for a declaration of rights under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1051 *et seq*.

8.  A case of actual controversy within this Court's jurisdiction exists between the parties concerning these rights. This Court is authorized to declare the rights of the parties in this case pursuant to the Tex. Civ. Prac. & Rem. Code § 37.003, or, in the alternative, pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202.

9.  This case is a trademark dispute between a hotel chain and an individual hotel:

    (a)  The Plaintiffs' hotel chain based in Texas owns and operates two Hotel Valencia properties, one in San Antonio Texas on the Riverwalk and the other in San Jose, California.

(b) The Defendants based in California own and operate only a single La Valencia Hotel in La Jolla, California.

(c) The parties do not dispute the right of the other to operate under names that include or consist of the word "Valencia" for the three existing hotels set out in paragraphs 9(a) and 9(b).

(d) The parties agree that there is not likely any appreciable consumer confusion, mistake or deception under the Lanham Act between the one existing hotel in La Jolla California owned by Defendants and the two existing hotels operated by the Plaintiffs in California and Texas because of geographic distances, differences in trading areas and lack of advertising or reputations that overlap between the parties' respective hotels.

(e) The parties also agree that there has never been any actual confusion where a hotel customer genuinely believed that due to the similarity in hotel names, the hotels named in paragraphs 9(a) and 9(b) were sponsored by or affiliated with the hotels of the other party.

(f) Neither plaintiffs nor defendants claim the right to cause removal of the VALENCIA name from the existing hotel or hotels owned by the other party.

(g) The only dispute between the parties is about expansion of the existing hotels and names to additional locations across the United States, its territories and possessions; for example, safe areas on a map where a party can build or buy a hotel property to operate under the VALENCIA or

LA VALENCIA name and whether Plaintiffs are clear to use the VALENCIA name as a sub brand or trade name in connection with future developed hotels in certain locations that have another primary brand; for example, can Plaintiffs' SORELLA branded hotels use the mark, name or tagline "by Valencia Group" or "another fine Valencia Group hotel."

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code §§ 1331 and 1338, and supplemental jurisdiction over any claims under state law under 28 U.S.C. § 1367.

11. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

12. The Court has personal jurisdiction over the Defendants since Pacifica Companies and their related companies directly or indirectly own and operate hotels in this District, namely, **Holiday Inn Intercontinental Airport Houston** and **Crowne Plaza Houston River Oaks**. Accordingly, Pacifica Companies do business in this District. A substantial part of the events giving rise to the acts complained of herein occurred in this District. Therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

13. Pacifica Companies, through its agents, have made claims that Valencia Group has no right to use the Hotel Valencia name on additional locations and that such use may infringe the rights of Pacifica Companies.

14. Pacifica Companies' claims have created a reasonable apprehension of litigation and have placed a cloud over Valencia Group's ability to expand its use of the VALENCIA

Marks, thereby causing uncertainty to Valencia Group in connection with its business and its continuing ability to use the VALENCIA Marks and bringing Valencia Group into adversarial conflict with Pacifica Companies.

15.     An actual and justiciable controversy exists between the parties based on Pacifica Companies' claims.

## FACTS

### I.     Valencia Group Has Incontestable Rights to the Trademark VALENCIA

16.     For many years, Valencia Group, through its own use and use by its licensor, Newhall Land and Farming Company ("Newhall Licensor") and its predecessors and sub-licensees, has continuously used and promoted the mark VALENCIA, including in the form HOTEL VALENCIA and VALENCIA GROUP (collectively, the "VALENCIA Marks"), in connection with hotel and restaurant services, renting and leasing real property interests, and a variety of other services.  These hotels include the well-known, highly successful, and acclaimed Hotel Valencia San Antonio Riverwalk, which has received numerous accolades since its opening in 2003.

17.     The VALENCIA Marks are inherently distinctive, serving to identify and indicate the source of Valencia Group's services to the consuming public, and to distinguish its products and services from those of others.

18.     Additionally, as a result of Valencia Group's use and promotion of the VALENCIA Marks, the marks have become distinctive and are recognized by consumers of hotel services.  Valencia Group has invested significant effort and resources in advertising and promoting the VALENCIA Marks and the products and services sold under those marks, with the result that the purchasing public has come to know, rely on, and recognize the products and services of VALENCIA GROUP and Newhall Licensor by those marks.

19. Hotel Valencia Santana Row in San Jose, California and Hotel Valencia San Antonio Riverwalk, Texas have been awarded enumerable awards since opening and continue to be ranked on the Conde Nast Gold List for top hotels of the world. It took tremendous effort, sales and marketing expense and Valencia Group senior management attention to detail to establish these hotels at the very top of their respective competitive sets in the markets where they compete. And that effort and expense continues every day. Moreover, during the pendency of this dispute with Defendant, Valencia Group has conceived, designed, constructed and opened three more hotels without the benefit of the considerable equity and franchise value of the VALENCIA brand established over these many years – that is, each of the new hotels was named differently due to the threat of litigation over the use of the VALENCIA brand – thus starting over again with branding, selling and marketing new names (Sorella, Lone Star Court). Valencia Group has four more hotels in various stages of development and must get this issue resolved.

20. Newhall Licensor has also established valuable goodwill in the VALENCIA Marks through its own use and through the licensed use by Valencia Group and its predecessor, sub-licensees, and related companies.

21. Newhall Licensor is the senior and superior registrant of the VALENCIA trademark in connection with real estate and related services that includes hotel and restaurant services through the exclusive license with Hotel Valencia Brands. In turn, Hotel Valencia Brands, as exclusive licensee of Newhall Licensor, has the same rights and is the senior and superior registrant of the VALENCIA trademark.

22. Plaintiff Hotel Valencia Brands is the exclusive licensee by an agreement dated May 20, 1999 of the trademark VALENCIA from Newhall Licensor under its common law and registered trademark rights for hotel and limited restaurant services. The trademark registration

included in the license is incontestable trademark Registration No. 0934,115 issued May 16, 1972 and is valid and subsisting.  **This incontestable trademark registration is the first trademark registration issued in the United States for the VALENCIA trademark and the first trademark registration issued for the VALENCIA mark among any of the parties to this suit** [emphasis added].

23. As exclusive licensee, Plaintiff Hotel Valencia Brands stands in the shoes of Newhall Licensor and is entitled to the benefit of all VALENCIA trademark uses, dates of use and areas of use of Newhall Licensor.  Hotel Valencia Brands, therefore, has an incontestable right to use the VALENCIA trademark under the incontestable registration of Newhall Licensor throughout the United States. Lanham Act, 15 U.S.C § 1065.  By law, therefore, pursuant to § 15 of the Lanham Act, 15 U.S.C § 1065, Hotel Valencia Brands has an incontestable right to use the VALENCIA trademark for hotel and hotel services throughout the United States except for the single La Valencia Hotel operated by Defendants at 1132 Prospect Street, La Jolla, California 92037 that pre-existed before the registration date of May 16, 1972.  Valencia Group, therefore, has the legal right to expand its Hotel Valencia hotels to any area of the United States, its territories or possessions, except the trade area around the La Valencia Hotel of Defendants in La Jolla, California.

24. In 1997, Plaintiff Hotel Valencia Corp filed an application with the USPTO, Serial No. 75/328,969, to register the mark HOTEL VALENCIA for "hotels and limited restaurant services" (as amended).  The USPTO refused that application under Section 2(d) of the Lanham Act, determining that Hotel Valencia Corp's use of the mark for such services was likely to cause confusion with Newhall Licensor's mark VALENCIA that is the subject of Reg. No. 934,115.  After Plaintiff Hotel Valencia Corp entered into the agreement with Newhall Licensor

to become the exclusive licensee of the VALENCIA Marks for hotel and limited restaurant services, Valencia Group's Application Serial No. 75/328,969 now stands abandoned. The license was later properly assigned to Plaintiff Hotel Valencia Brands, which is now the exclusive licensee in the United States of the VALENCIA Marks for hotel and limited restaurant services.

25. Since entering into the exclusive license with Newhall Licensor, Plaintiff Hotel Valencia Brands and its predecessor, sub-licensees, and related companies and partners have invested <u>more than $100 million</u> in building and operating hotels using the VALENCIA Marks, including the Hotel Valencia San Antonio Riverwalk in Texas, and the Hotel Valencia Santana Row in San Jose, California, and have a significant interest in maintaining the distinctiveness of those marks and protecting the goodwill associated therewith.

26. Valencia Group seeks to use the VALENCIA Marks in connection with additional hotels pursuant to its rights as the exclusive licensee of the federally registered mark VALENCIA.

**II.   Pacifica Companies' Have Only a Single La Valencia Hotel**

27. Pacifica Companies' predecessors in interest have used the mark LA VALENCIA HOTEL for hotel services solely in connection <u>with a single small resort hotel</u>, the La Valencia Hotel located at 1132 Prospect Street, La Jolla, California 92037 (the "La Valencia Hotel").

28. Upon information and belief, Pacifica Companies continue to use the mark LA VALENCIA HOTEL for hotel and restaurant services, health spa services, and various other related services solely in connection with its one and only hotel using the Valencia letter string, the La Valencia Hotel in La Jolla, California.

29. Pacifica Companies' La Valencia Hotel, their website at www.lavalencia.com, and their advertising promoting the LA VALENCIA HOTEL mark are readily accessible to residents of this District. Pacifica Companies' advertising targets current and potential guests of their La Valencia Hotel, including a substantial number of such persons in this District. On information and belief, a significant number of guests at the La Valencia Hotel come from Texas and from this District.

30. La Valencia Hotel Corporation ("Pacifica Companies' Predecessor"), filed Application Serial No. 78/463,946 (the "Pacifica Trademark Application") on August 8, 2004, for the mark LA VALENCIA HOTEL covering "*Hotels; restaurant, catering, bar and cocktail lounge services; resort hotels and resort lodging services; provision of general purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; making reservations for hotel accommodations for others*," in International Class 43, and for "*Health spa services, namely, providing facial, hair, skin and body treatments, manicure and pedicure services, massage services, body waxing services and beauty salon services*," in International Class 44.

31. Just like with Plaintiff Hotel Valencia Corp's application, the USPTO refused Pacific Hosts' Application on the basis of likelihood of confusion with Newhall Licensor's VALENCIA mark (Reg. No. 934,115 and Reg. No. 2,981,370, originally cited while still in application status, as Ser. No. 76/419,258). At the time the Pacific Hosts filed its Application, Plaintiff Hotel Valencia Brands was and still is the exclusive licensee of Newhall Licensor's VALENCIA Mark.

**III.    The Parties Have Duplicate Administrative Agency Proceedings**

32.    After the application for Defendant's LA VALENCIA HOTEL was published for opposition on February 13, 2007, Plaintiff Hotel Valencia Brands and Newhall Licensor jointly filed before the Trademark Trial and Appeal Board ("TTAB") of the USPTO a Notice of Opposition (Opposition No. 91178860) on August 10, 2007 opposing the Pacifica Trademark Application on the basis of prior use (the "Opposition").

33.    Prior to that time, on November 11, 2006, Pacifica Companies filed a Petition for Cancellation (Cancellation No. 92046810) before the TTAB requesting that Newhall Licensor's VALENCIA Registrations be partially cancelled to exclude the services identified in Plaintiff Texas Valencia's abandoned application for HOTEL VALENCIA (*i.e.* "hotels and limited restaurant services"), or in the alternative, to fully cancel U.S. Reg. No. 2,981,370 based on prior use (the "Cancellation").

34.    The Opposition and Cancellation proceedings were consolidated on December 27, 2007, and are currently pending.

**IV.    The Pubic is Likely to be Deceived by Plaintiffs' VALENCIA HOTEL and Pacifica Companies' LA VALENCIA HOTEL if in the Same Trade Area**

35.    Pacifica Companies' mark LA VALENCIA HOTEL is deceptively similar to the VALENCIA Marks, and the products and services offered by Pacifica Companies under the mark LA VALENCIA HOTEL and identified in the Application are directly competitive with the products and services provided by Hotel Valencia Brands, its sub-licensees, and related companies under its exclusive license with Newhall Licensor.  Moreover, the services in the Application are closely related to the services identified in Newhall Licensor's previously issued and incontestable registrations for the mark VALENCIA.

36. Pacifica Companies are not affiliated with or sponsored by Valencia Group or Newhall Licensor. Neither Valencia Group nor Newhall Licensor has given Pacifica Companies permission or approval to use or register the mark LA VALENCIA HOTEL.

37. Pacifica Companies' marks LA VALENCIA HOTEL and LA VALENCIA so resemble the VALENCIA Marks as to be likely, when used on or in connection with the services identified in the Application, to cause confusion, to cause mistake, or to deceive the public. Registration of the mark LA VALENCIA HOTEL should therefore be refused registration under 15 U.S.C. § 1052(d).

38. Registration of Pacifica Companies' mark LA VALENCIA HOTEL on the Principal Register of the USPTO would be inconsistent with Newhall Licensor's rights under the aforementioned registrations and common law and with the rights of Valencia Group and its sub-licensees and related companies under Hotel Valencia Brands' exclusive license, and would thus be damaging to Valencia Group.

## V. Inequitable and Unjust Conduct of the Pacifica Companies in Settlement Negotiations

### A. Valencia Group Seeks an Award of Attorney's Fees for Seeking Declaratory Relief

39. Plaintiffs are entitled to an award of attorney's fees for being forced to seek declaratory relief due to the inequitable and unjust conduct of Pacifica Companies during settlement negotiations.

40. Valencia Group has been engaged in lengthy and ever-changing settlement negotiations due to the capricious behavior of the principals and counsel of Pacifica Companies. At substantial and wasted expense, the negotiations have extended over a 34 month period from on or about December 11, 2011 to on or about October 23, 2014. During this time officials of

Valencia Group and its attorneys have repeatedly made written proposals for settlement to Pacifica Companies and its attorneys that have been met with silence, long delays and addition of more terms that have never been mentioned before. Each time the officials of Pacifica Companies or their counsel have reneged on their agreement and requested additional terms not previously mentioned as a condition for settling the disputes.

### B. Pacifica Companies Took 85 Days to Reply to Valencia Group's Jan. 23 Settlement Draft Proposal

41. An example follows of the capricious behavior of outside counsel and the principals of the Pacifica Companies.

42. **January 23, 2014** –Steve Meleen [Valencia Group counsel] sent a revised draft of a proposed complete written settlement draft entitled "Trademark Co-existence Agreement" to Tawnya R. Wojciechowski [counsel for the Pacifica Companies] [sent in original form at the end of the summer 2013].

43. **March 10, 2014** (55 days later) – By e-mail Tawnya R. Wojciechowski [Pacifica Companies' counsel] responds to Steve Meleen [Valencia Group's counsel], saying "**I'm having trouble getting my client's feedback.**" [emphasis added]

44. **April 9, 2014** (76 days after January 23, 2014) – E-mail from Steve Meleen [Valencia Group counsel] to Tawnya R. Wojciechowski [counsel for Pacifica Companies]: "I've not received any response by e-mail of last week, trying once again to move along the settlement discussions. There has not been any substantive movement on the settlement movement on the settlement discussions since we forwarded the proposal to Tawnya on January 23, two and one-half months ago. **Our client HOTEL VALENCIA BRANDS is very frustrated by these**

**continued delays, and has had enough . . . Tawnya, please provide your substantive comments on the settlement agreements no later than Monday, April 14."** [emphasis added]

### C.  Pacifica Counsel Finally Responds to January 23 Settlement Proposal of Valencia Group

45.  **April 22, 2014** (86 days from January 23, 2014) – From Tawnya R. Wojciechowski [Pacifica's counsel] to Steve Meleen [Valencia Group's counsel]: "Good news. I had a discussion with my client yesterday afternoon and believe we may be able to make substantive progress in our call today. I hope you've had a chance to review my mark-up on the draft agreement and my comment, as my client confirms that the substantive issues I've previously discussed with you are the remaining issues for continued discussion and resolution."

46.  **May 6, 2014** – E-mail from Steve Meleen [Valencia Group's counsel], to Tawnya R. Wojciechowski [Pacifica's counsel]:  "If neither Newhall nor La Valencia are willing to discuss any compromise between those boundaries, then I suppose we are at a stalemate and will need to move forward with completing discovery [in the pending TTAB proceeding]."

### D.  Pacifica's Counsel Goes to Hong Kong While Delay Continues

47.  **May 6, 2014** – E-mail from Tawnya R. Wojciechowski [Pacifica's counsel] to Steve Meleen [Valencia Group's counsel]:  "I remind everyone that I'm leaving Thursday morning for Hong Kong and will not be available next week for any follow-up."

### E.  Pacifica Counsel Returns from Hong Kong and Finally says she is Prepared to Discuss Resolution

48.  **April 22, 2014** – E-mail from Tawnya R. Wojciechowski [Pacifica's counsel] to Steve Meleen [Valencia Group's counsel]:  "Good news. I had a discussion with my client yesterday afternoon and I believe we may be able to make substantive progress in our call today. .

.I believe the mark-up on the redline that I previously sent reflects the changes necessitated by these issues, and **I am prepared to discuss resolution as set forth above**." [emphasis added]

    **F.    Pacifica's Counsel says she "Did Not Recommend any Substantive Changes from Last Draft"**

49.    **June 3, 2014** – Tawnya R. Wojciechowski [Pacifica's counsel] sent an e-mail to Steve Meleen [Valencia Group's counsel] that "**she did not recommend any substantive changes from the last draft**." [emphasis added]

    **G.    Pacifica Counsel Makes a Substantive Proposed Change (27 days later)**

50.    **June 20, 2014** – Tawnya R. Wojciechowski [Pacifica's counsel] in a telephone call with Steve Meleen [Valencia Group's counsel] proposed an additional **substantive proposed change** [emphasis added] deleting the phrase "and new properties developed in the future" in paragraphs 8 and 9. [Text that had been in the draft agreement since summer 2013.]

51.    **June 22, 2014** – Tawnya R. Wojciechowski sent to Steve Meleen a redline draft of the settlement agreement with a substantive proposed change deleting the phrase "and new properties developed in the future" that had been in the drafts since summer 2013.

    **H.    Pacifica Counsel Adds Another Substantive Change**

52.    **July 9, 2014** – E-mail from Tawnya R. Wojciechowski [Pacifica's counsel] to Steve Meleen [Valencia Group's counsel] adding **a substantive change** [emphasis added] that a Hotel Valencia "cannot be built in Los Angeles, San Diego, Orange or Riverside Counties in California."

    **I.    Pacifica Counsel Adds a Deal Breaker**

53.    **July 14, 2014** – E-mail from Steve Meleen [Valencia Group's counsel] to Tawnya R. Wojciechowski [Pacifica's counsel] ". . . my client is extremely unhappy with Prospect's attempt to add a provision that was absolutely key to HVB's [Hotel Valencia Brands] acceptance

of the deal." ". . . . <u>When I sent the proposed agreement to you on January 23, 2014 for review by your client, I specifically noted</u>: "It follows the format we discussed back at the end of the summer [2013] with everyone essentially agreeing that what the others are doing now is okay, they will not assert rights in any of the new registrations against each other, in providing some safe harbors for expansion that will not be objectionable, while reserving rights for future activities." …<u>These are substantive terms our client agreed to, and that it believed it were simply waiting for confirmation from your client that while we agreed to extensions around your injury and ?INTA? Hong Kong trip.  You and your client had the agreement for over four months, and it was our understanding that you were reviewing the provisions with your client and that we had an agreement on many of the terms…. [My client] believes your client is trying to renegotiate the terms we believe were agreed to….</u>" [underscoring and parentheticals added].

      **J.**      **Pacifica Companies Makes Land Grab to Add Rights in Napa**

54.      **October 23, 2014** – In an e-mail from Sushil Isvani, Pacifica official, to David Miller, Valencia Group CFO, he says "I agree with almost all the terms you have included in the revised agreement, except I believe we discussed giving us rights to the Napa/Sonoma area."

**COUNT I:**
**Declaration that Valencia Group's Use of the Mark Valencia Does**
**Not Constitute Infringement, Dilution, Unfair Competition,**
**Or any Other Trademark-Based Action**

55.      Valencia Group repeats the above allegations as if fully set forth herein.

56.      Valencia Group is entitled to a declaration that its current use of the VALENCIA Marks does not create any likelihood of confusion or dilution; does not constitute infringement or unfair competition; and does not otherwise violate any rights of Pacifica Companies under the

Lanham Act, 15 U.S.C. §§ 1114(1) and 1125, or under the statutory or common law of Texas or any other state in which such use is or may be made.

57.     Valencia Group is entitled to a declaration that its use of the VALENCIA Marks anywhere in the United States, with the exception of the limited geographic area of La Jolla, California where Pacifica Companies' current La Valencia Hotel is located would not create any likelihood of confusion or dilution; Hotel Valencia Brands has an incontestable right to use the VALENCIA trademark under the incontestable registration of Newhall Licensor throughout other parts of the United States; and such use would not constitute infringement or unfair competition; and would not otherwise violate any rights of Pacifica Companies' under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125, or under the statutory or common law of Texas or any other state in which such use may be made.

## COUNT II:
### Declaration that Pacifica Companies' Planned Use of the Mark La Valencia Hotel would Constitute Trademark Infringement and Unfair Competition in Violation of Valencia's Group's Rights

58.     Valencia Group repeats the above allegations as if fully set forth herein.

59.     Valencia Group or Newhall Licensor (or their predecessors in interest) have continuously and exclusively made actual or constructive nationwide use of the mark VALENCIA for decades in connection with hotel services and related products and services.

60.     Valencia Group is entitled to a declaration that Pacifica Companies' planned use in commerce of the mark LA VALENCIA HOTEL for hotel services or related products or services, at least outside the limited geographical area of La Jolla, California where Pacifica Companies' current La Valencia Hotel is located and in which Pacifica Companies can establish as their trade area continuously since prior to Newhall Licensor's registration of the mark

VALENCIA, is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Pacifica Companies and Valencia Group, or as to the origin, sponsorship, or approval of Pacifica Companies' products or services by Valencia Group.

61.    Valencia Group will be damaged by such acts by Pacifica Companies of trademark infringement, false designations of origin, false or misleading descriptions or representations of fact and unfair competition.

62.    Pacifica Companies' planned use of the mark LA VALENCIA HOTEL will infringe the VALENCIA Marks and constitute unfair competition in violation of Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. § 1114(1) and 1125(a), and the common law of Texas.

63.    Pacifica Companies' use and/or planned use of the mark LA VALENCIA HOTEL has been made willfully, with conscious disregard or indifference to Hotel Valencia Brands and/or Newhall Licensor's prior use and rights in the VALENCIA Marks.  Therefore, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT III:
**The Court has Power to Order Refusal of Pacifica Companies' Trademark Registration**

64.    Valencia Group repeats the allegations above as if fully set forth herein.

65.    This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine that Defendant Prospect Hospitality LP has no right to registration of the mark LA VALENCIA HOTEL.

66.    Pacifica Companies' mark LA VALENCIA HOTEL, the subject of Application Serial No. 78/463,946, so resembles the VALENCIA Marks as to be likely to cause confusion, to cause mistake, or to deceive.  Registration should therefore be refused under 15 U.S.C. § 1052(d).

67. Hotel Valencia Brands petitions the Court to order the Director of the USPTO to refuse registration of the application for Pacifica Companies' mark LA VALENCIA HOTEL, Serial No. 78/463,946, pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201.

## COUNT IV:
## The Court can Order and Dismiss the Petition to Cancel with Prejudice

68. Valencia Group repeats the allegations above as if fully set forth herein.

69. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Newhall Licensor's continued right to registration of the mark VALENCIA, Reg. Nos. 934,115 and 2,981,370.

70. Newhall Licensor's VALENCIA trademark Registrations cover the services with which Hotel Valencia Brands uses the VALENCIA Marks pursuant to its exclusive license. Further, Newhall Licensor has priority at least outside the limited geographical area of La Jolla, California, where Pacifica Companies' only hotel bearing the name La Valencia Hotel is located.

71. Valencia Group therefore petitions the Court to order that the Cancellation brought by Pacifica Companies' predecessor, be dismissed with prejudice, pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201.

## PRAYER

WHEREFORE, VALENCIA GROUP prays that:

(a) The Court issue a judgment declaring that (1) Valencia Group and its related companies' current and planned use of the mark VALENCIA does not create any likelihood of confusion or dilution, does not constitute infringement or unfair competition, and does not otherwise violate any rights of Pacifica Companies' under federal or state law; and (2) Pacifica Companies' planned use of the mark

          LA VALENCIA HOTEL for hotel services or related products or services outside the limited geographical location of La Jolla, California is likely to cause confusion, and constitutes trademark infringement and unfair competition;

(b)    The Court determine that Defendant Prospect Hospitality LP is not entitled to registration of LA VALENCIA HOTEL, and certify an order pursuant to 15 U.S.C. § 1119 refusing registration of Application Serial No. 78/463,946 to the Director of the USPTO, who shall make appropriate entry upon the records of the USPTO and shall be controlled thereby;

(c)    The Court issue a judgment that Valencia Group has the right to open and operate a hotel operating under the VALENCIA or HOTEL VALENCIA marks anywhere in the United States, its territories or possessions except to the extent, if any, to the area around Defendants' La Valencia Hotel in La Jolla, California so long as it continues to operate under that name and so long as a member of Valencia Group continues to be the lawful exclusive licensee of the owner of U.S. Registration No. 0934,115 for the mark VALENCIA;

(d)    The Court determine that Cancellation No. 92046810 be dismissed with prejudice, and certify an order pursuant to 15 U.S.C. § 1119 to the Trademark Trial and Appeal Board that Cancellation No. 92046810 be dismissed with prejudice;

(e)    Valencia Group recover its reasonable and necessary attorney's fees for obtaining declaratory relief in view of Pacifica Companies inequitable and unjust conduct pursuant to Tex. Civ. Prac. & Rem. Code § 38.001;

(f)    Valencia Group recover its costs and reasonable and necessary attorney's fees as are equitable and just;

(g)     Valencia Group recover its costs of this action and prejudgment and post-judgment interest; and

(h)     Valencia Group recover such other relief as the Court may find appropriate.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), Valencia Group demands a trial by jury on all issues triable of right by a jury.

Respectfully submitted,

Dated:    12/9/2014        /s/ Paul C. Van Slyke
Paul C. Van Slyke
Texas Bar No. 20457000
Joseph O. Slovacek
Texas Bar No. 18512300
Paul A. Pilibosian
Texas Bar No. 24007846
HOOVER SLOVACEK LLP
5051 Westheimer, Suite 1200
Houston TX 78701
(713) 977-8686
(713) 977-5395 (Fax)

**ATTORNEYS FOR PLAINTIFFS**
Hotel Valencia Brands, L.L.C. and
Hotel Valencia Corporation